BANK OF
LOUISVILLE
vs.
SUMMERS.

----

## Bank of Louisville vs. Summers.

Case 23.                    APPEAL FROM THE LOUISVILLE CHANCERY COURT.

If a bank note has been destroyed, the bank is responsible for its amount to the owner. The fact of destruction should be clearly established.

January 5.              Judge CRENSHAW delivered the opinion of the court.

Where it satisfactorily appears that the notes of a bank have actually been destroyed, we perceive no reason why the bank should not be held responsible for the amount. If a note upon an individual has been lost or destroyed he is nevertheless liable for its payment. And, although it would not do to hold a bank responsible for her notes when merely lost, but not destroyed, unless they could be so identified, and the bank so secured that she would not be in danger of paying them a second time, yet, if her notes have actually *been destroyed* she ought to be held accounta-

If a bank note has been destroyed, the bank is responsible for its amount to the owner. The fact of destruction should be clearly established.

ble for the amount, equally with an individual, without any steps to secure her from future responsibility, for there would be no danger of future responsibility. It is true, that in order to render the bank responsible, the fact of the *destruction* of her notes should be well established; and, we think the proof in this case establishes the destruction of the notes beyond a rational doubt.

Wherefore, the decree is affirmed.

THRUSTON for appellants: SPEED & WORTHINGTON for appellee.